**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000436
11-FEB-2016
08:44 AM**

NO. CAAP-12-0000436

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


OWB REO, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
v.
KEVIN LEE HILL, Defendant-Appellant,
and
KIMBERLY CELESTINA HILL, JOHN DOES 1-50,
JANE DOES 1-50, Defendants


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC11-1-1079)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

In this summary-possession action, Defendant-Appellant Kevin Lee Hill ("Hill"), pro se, appeals from the Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed March 22, 2012, which awarded Plaintiff-Appellee OWB REO, LLC ("OneWest") a writ of possession for the property located on Mamalahoa Highway in Hakalau, Hawai'i ("Property"); the Judgment for Possession; and the Writ of Possession, entered by the District Court of the Third Circuit, North and South Hilo Division ("District Court")[1] on April 19, 2012.[2]

---

[1]     The Honorable Barbara T. Takase presided.

[2]     Hill does not appeal from the District Court's order denying his post-judgment motions.

On appeal, Hill argues that the District Court erred when it:[3/]

(1)     "denied [Hill] consideration of his challenge to subject matter jurisdiction, [the] burden of proof of which is the responsibility of the claimant";

(2)     granted "summary judgment . . . because 'there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law'";

(3)     denied Hill his constitutionally guaranteed right to face his accuser under the 6th Amendment;

(4)     "denied [Hill's] demand [for] trial by jury (7th Amendment)";

(5)     "grant[ed] summary possession [to OneWest because] it [overrode] Hill's objections and motions resulting in [] violations of the Constitutionally preserved rights enumerated in the 4th Amendment (unlawful searches and SEIZURES), 5th Amendment (due process of law), 6th (right to face my accuser) and 7th (right to trial by jury) amendments to the [U]nited States Constitution and a violation of article 6 which in part states that the Constitution is the supreme law of the land";

(6)     "denied [Hill's] motion for evidentiary hearing wherein these defects could have been further enumerated"; and

(7)     issued its judgment because "[a]ny judgment in conflict with the Constitution makes the judgment VOID . . . , the courtroom constitutionally defective and [] warring against the constitution as [if the judge had] violated her oath of office."

Hill also argues that:

(8)     "[OneWest] CANNOT hold both mortgage and note as required for standing as the note has been securitized and sold as a pool of mortgages to investors"; and

(9)     "[OneWest] did not have standing to foreclose as it was not the holder of the note and mortgage" like the plaintiffs in *Deutsche Bank Nat'l Trust Co. v. Williams*, Civil No. 11-00632JMS/RLP, 2012 WL 1081174 (D. Haw. March 29, 2012).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[3/]     Hill's points of error were rewritten and reorganized for clarity.

the arguments they advance and the issues they raise, we resolve Hill's points of error as follows,[4] and affirm:

(1) In Hill's first point of error, he argues that the District Court erred in "dismiss[ing]" his motion to challenge jurisdiction "without discussion or justification" and without requiring OneWest to prove that the District Court has subject matter jurisdiction over the case. We disagree.

Pursuant to Hawaii Revised Statutes ("HRS") § 604-5(a) (Supp. 2013), district courts have jurisdiction over civil actions involving summary possession or ejectment. However, district courts do not have jurisdiction over "actions in which the title to real estate comes in question[.]" Haw. Rev. Stat. § 604-5(d); *see Deutsche Bank Nat'l Trust Co. v. Peelua*, 126 Hawaiʻi 32, 36, 265 P.3d 1128, 1132 (2011) (upholding the district court's jurisdiction because appellant failed to properly put title at issue).

To put title into question such that a district court no longer has jurisdiction to issue writs of possession or ejectment, the party defending the action must comply with Hawaiʻi District Court Rules of Civil Procedure ("HDCRCP") Rule 12.1, which states:

> **Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

*See Peeula*, 126 Hawaiʻi at 36-37, 265 P.3d at 1132-33. In order to satisfy HDCRCP Rule 12.1, the defendant must submit both a

---

[4] OneWest argues that Hill failed to comply with Hawaii Rules of Appellate Procedure ("HRAP") Rule 28, and his opening brief should therefore be stricken in accordance with HRAP Rule 30. "This court, however, has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" *Morgan v. Planning Dep't, Cnty. of Kauai*, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting *O'Connor v. Diocese of Honolulu*, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)). Accordingly, we will address the merits of the issues raised by Hill to the extent we can, notwithstanding any violations of HRAP Rule 28.

written answer or written motion *and* an affidavit or declaration asserting "the source, nature, and extent of [the] claim." *Aames Funding Corp. v. Mores*, 107 Hawai'i 95, 98-99, 110 P.3d 1042, 1045-46 (2005) (quoting another source) (internal quotation marks omitted) (determining that because appellant did not adhere to the HDCRCP Rule 12.1 requirements, it failed to properly raise the lack-of-subject-matter-jurisdiction defense).

During the April 4, 2012 Hearing on OneWest's motion for summary judgment ("MSJ Hearing"), the District Court observed that Hill had not filed the appropriate pleading under HDCRCP Rule 12.1. Rather than filing a written answer or a written motion with the court in advance, Hill brought documents to the hearing because he had been told that it was "most appropriate."

After the parties presented their arguments on the merits, the District Court found that Hill had failed to submit both a written answer or motion, and an affidavit or declaration setting forth the source, nature and extent of the title claimed by Hill to the land in question as required by HDCRCP Rule 12.1. Moreover, it concluded that Hill did not provide "any facts, material facts that show that what [OneWest is] claiming [is] in issue." Therefore, the District Court dismissed Hill's motion challenging jurisdiction.

Even if we consider the "Challenge of Jurisdiction" submitted by Hill during the MSJ Hearing, that document does not challenge the nonjudicial foreclosure in any way, does not contain an affidavit or declaration, and does not "set forth the source, nature, and extent of title with particularity" or "apprise the [District Court] fully of the nature of his claim" as it must. *Peelua*, 126 Hawai'i at 39, 265 P.3d at 1135. Therefore, the District Court did not err in denying Hill's request to dismiss OneWest's motion for summary judgment for lack of subject matter jurisdiction.

(2) In his second point of error, Hill contends that the District Court erred when it determined that summary judgment was appropriate because Hill had not "presented any material facts that would prevent [the court] from granting [OneWest's] Motion for Summary Judgment." We conclude, however, that OneWest

presented sufficient evidence to satisfy its burden as the movant, but that Hill failed to identify a genuine issue of material fact to defeat the motion.

We review the grant or denial of summary judgment de novo. *U.S. Bank Nat'l Ass'n v. Castro*, 131 Hawai'i 28, 41, 313 P.3d 717, 730 (2013) (quoting *Fujimoto v. Au*, 95 Hawai'i 116, 136, 19 P.3d 699, 719 (2001)). As the moving party, OneWest has the "initial burden of production." *Fed. Nat'l Mortg. Ass'n v. Medeiros*, No. CAAP-12-0000024, 2013 WL 1905086, *3 (Hawai'i App. May 7, 2013) (citing *Stanford Carr Dev. Corp., v. Unity House, Inc.*, 111 Hawaii 286, 296, 141 P.3d 459, 469 (2006)) (affirming the district court's order granting summary judgment in an ejectment action in favor of the plaintiff, when defendants made unsupported allegations that the plaintiff's affidavit and deed were fraudulent). If the initial showing is satisfied, the burden shifts to the nonmoving party to establish that genuine issues of material fact exists. *Id.*

In order to maintain its ejectment action, OneWest "must necessarily prove that it owns the parcels in issue," *State v. Magoon*, 75 Haw. 164, 175, 858 P.2d 712, 718-19 (1993), meaning that OneWest must have "the title to and right of possession of" the parcel. *Carter v. Kaikainahaole*, 14 Haw. 515, 516 (Terr. 1902); *Aames Funding*, 107 Hawai'i at 104, 110 P.3d at 1051 (stating that insofar as plaintiff is the record owner of the property, plaintiff was entitled to a writ of ejectment). In addition, plaintiff must establish that "possession is unlawfully withheld by another." *Carter*, 14 Haw. at 516.

By providing the District Court with a copy of its own quitclaim deed, OneWest satisfied its initial burden of showing that it had clear title to the Property, superior to that of Hill. The burden then shifted to Hill to "come forward, through affidavit or other evidence, with specific facts showing that there [wa]s a genuine issue of material fact." *Miller v. Manuel*, 9 Haw. App. 56, 65, 828 P.2d 286, 292 (1991) (citing *K.M. Young & Assoc. v. Cieslik*, 4 Haw. App. 657, 675 P.2d 793 (1983)). As the District Court correctly concluded, Hill failed to do so. *See Castro*, 131 Hawai'i at 41-42, 313 P.3d at 730-31 (determining

that the district court properly granted summary judgment in favor of plaintiff because defendants did not produce evidence to demonstrate issues related to title); *but cf. Konduar Capital Corp. v. Matsuyoshi*, 136 Hawaiʻi 227, 361 P.3d 454 (2015) (determining that an ejectment action in circuit court that addresses issues related to title requires additional consideration of the factors found in *Ulrich v. Security Inv. Co.*, 35 Haw. 158 (Terr. 1902)). Accordingly, the District Court did not err in granting OneWest's motion for summary judgment and writ of possession because there were no genuine issues of material fact.

(3) Hill's remaining points of error based on alleged violations of the Hawaiʻi or U.S. Constitutions, violations of the District Court judge's oath of office, or other arguments not raised below or supported now on appeal, are either waived or without merit.

Therefore, the Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed March 22, 2012, the Judgment for Possession, and the Writ of Possession, entered on April 19, 2012 by the District Court of the Third Circuit, North and South Hilo Division, are affirmed.

DATED: Honolulu, Hawaiʻi, February 11, 2016.

On the briefs:

Kevin Lee Hill,
Pro Se Defendant-Appellant.

Charles R. Prather,
Sofia Hirosane McGuire, and
Blue Kaanehe,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge